[Civ. No. 12275. First Dist., Div. Two. Dec. 22, 1942.]

J. MAURICE, as Administrator, etc., Appellant, v. RUTH P. COLEMAN, Respondent.

Geo. Ingraham for Appellant.

H. L. Richardson for Respondent.

NOURSE, P. J.—The plaintiff sues as administrator of the estate of Josie Hutton to recover moneys alleged to belong to the estate. The defendant had judgment.

The moneys claimed were the subject of a joint bank account opened by Mrs. Hutton a few months before her death and comprised moneys belonging entirely to the separate estate of the deceased. The account was opened by the deceased upon her special request with the aid of an official of the bank. Sums were periodically drawn by the defendant during the lifetime of the deceased and a balance of $417.58 remained at the time of her death. Claiming her right as sole survivor the defendant withdrew this sum and deposited it to her own account. The trial court found that the joint account was opened by Mrs. Hutton freely and voluntarily, that all moneys withdrawn from the account prior to her death were expended and disposed of with her

consent, and that the balance remaining at the time of her death became the property of defendant as sole survivor.

In appealing from the judgment the plaintiff states the question involved as follows: "As a matter of law can a joint tenancy be established without the knowledge, the intent, the consent, or understanding of the party to whom the res belonged, where said party owner retains directional control over the res."

We cannot find that any such question arises here, or that any of the premises upon which it rests come out of this record. The evidence clearly shows that the owner of the "res" had the knowledge, the intent, and the understanding that she was creating a joint account, and that she gave her express consent to the transaction. The evidence also shows that she did not retain directional control over the fund, but that she did request her joint tenant to use so much of the fund as she deemed necessary in paying for her maintenance and care and for funeral and burial expenses. We do not understand that because the defendant complied with these requests, in part at least, her rights as a joint tenant were thereby affected, and we do not understand how her failure to prove that all the moneys withdrawn by her were used for the care, maintenance, and burial of the deceased can have any bearing upon the question of law involved—which is simply whether a joint tenancy was created in accordance with the statute. For these reasons we will not discuss appellant's attacks upon the findings of fact. The decision should be confined to this question of law.

The rights of the respondent are of statutory origin. The use of a joint bank account is recognized in the State Bank Act. Section 15a provides that such a deposit becomes conclusive evidence, in an action in which the bank or the survivor is a party, "of the intention of such depositors to vest title to such deposit and the additions thereto in such survivor" in the absence of fraud or undue influence. (Deering's Gen. Laws, Act 652; Stats. 1921, p. 1367.) Now there is nothing in the complaint which approaches a plea of fraud or undue influence, hence nothing to support the admission of any evidence of what intention the owner might have had other than that appearing on the face of the document. Thus the intention of the owner to vest title in respondent is conclusively proved by the presumption named in the statute.

For this reason all the evidence relating to what uses were made of the fund by respondent was incompetent and inadmissible. The attack here made is no different from that made in *Estate of Gaines,* 15 Cal.2d 255 [100 P.2d 1055], where, at page 260, the court cited other California cases holding that a joint interest with right of survivorship to the whole fund is created by the execution of joint tenancy cards of this type. As here, the contention was made that the intention of the owner to create a joint interest with right of survivorship was not proved. But since this intention is conclusively presumed, there was no need to make further proof. Upon the record as presented the case is one where the owner of the fund vested in the respondent as joint tenant title and possession. If it be called a gift it was a gift completed and not dependent upon the death of the owner. If the donee agreed to take care of the owner during her last illness and failed to do so her failure might be subject to attack in a proper proceeding brought for that purpose. But this is not such a case. To the contrary this case does not put in litigation either the issue of the joint tenancy agreement or a failure to comply with its terms.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.